# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JASON M. GOODMAN, et al.,

        Plaintiffs,

v.                                             CV No. 20-57 KG/CG

CITY OF ALAMOGORDO, et al.,

        Defendants,
_____

JASON M. GOODMAN, et al.,

        Plaintiffs,                        Consolidated with:

v.                                             CV No. 20-243 CG/GJF

CITY OF ALAMOGORDO, et al.,

        Defendants.

## STIPULATED CONFIDENTIALITY ORDER

**THIS MATTER** is before the Court on the stipulation and agreement of the parties to allow the inspection by the parties of certain records, material and information, including but not limited to information and records that are confidential pursuant to the New Mexico Children's Code, NMSA 1978, § 32A-1-1 *et seq.*, and regulations promulgated thereunder, including but not limited to: NMSA 1978 § 32A-4-4(A) ("The name and information regarding the person making the report [of suspected child abuse or neglect] shall not be disclosed absent the consent of the informant or a court order"); NMSA § 32A-4-33(A) ("All records or information concerning a party to a neglect or abuse proceeding, including social records, diagnostic evaluations, psychiatric or psychological reports, videotapes, transcripts and audio recordings of a child's

statement of abuse or medical reports incident to or obtained as a result of a neglect or abuse proceeding or that were produced or obtained during an investigation in anticipation of or incident to a neglect or abuse proceeding shall be confidential and closed to the public"); and NMSA § 32A-4-33(B) ("The records described in Subsection A of this section shall be disclosed only to the parties and: (19) any other person or entity, by order of the court, having a legitimate interest in the case or the work of the court").

The Court being advised that such production will include certain information that Defendants believe is private and confidential, that Defendants have requested this Order out of a concern that the disclosure of such information may or will invade the confidentiality and privacy rights of some or all of the parties or of third persons not a party to this lawsuit; the Court finds that this Confidentiality Order has been stipulated between the parties in order to address Defendants' concerns about protecting rights of privacy and confidentiality and limiting disclosure and use of such information and documents to this civil proceeding only. Therefore, the Court hereby makes and enters the following Confidentiality Order to protect Defendants concerns about the confidentiality of certain documents and information which are or may be within the knowledge of the parties or other witnesses and which may be subject to discovery in this lawsuit.

**IT IS THEREFORE ORDERED**:

1.      This Confidentiality Order shall govern the use and/or production and disclosure of certain records, information, documents, tangible things and materials designated as Confidential which may be produced or disclosed during this litigation

(hereafter the "Confidential Material").  A producing party shall designate Confidential Material, other than deposition transcripts, by conspicuously placing the word "CONFIDENTIAL" in clear, bold-faced type on each item of Confidential Material that is being produced.

2. The Confidential Material shall be disclosed only to the parties (or their officers, employees or agents to whom it is necessary that such information be shown in the preparation of trial of this action), attorneys for named parties in this action (including their employees), and outside expert witnesses and consultants employed by the parties or their attorneys for this action.  All such persons shall use such Confidential Material solely in the preparation for or at the trial of this action and for no other purpose.  All outside expert witnesses and consultants employed for this action shall be advised of this Confidentiality Order and shall be instructed to treat "CONFIDENTIAL" materials as confidential pursuant to this order.

3. Confidential Material received from any producing party shall not be used by the receiving party for any purpose other than this lawsuit.

4. All Confidential Material provided by a producing party to any other party or person in this lawsuit, and any copies made therefrom, shall either be: (a) returned to the producing party by the receiving party within thirty (30) days of the conclusion of this litigation; or (b) destroyed by the receiving party within thirty (30) days of the conclusion of this litigation.  In the event that the receiving party destroys the Confidential Material, it shall so certify in writing to the producing party within thirty (30) days of the conclusion of this litigation.

5.      The use of any Confidential Material obtained through discovery in this action or the proffering of any testimony from any witness regarding confidential information that contains unredacted confidential information, shall be subject to the following restrictions:

      a. Any party make seek an order from this Court at trial or at any hearing that no reference of any kind to confidential personally identifiable information contained in Confidential Material, whether made through testimony, argument, presentation of exhibits, or otherwise, shall be made unless the courtroom or other location shall first have been cleared of everyone other than essential court personnel, the parties, counsel for the parties, and any other individuals the Court determines have a legitimate interest in being present, and those remaining in the courtroom or other location shall be advised of the statutory confidentiality requirements concerning the information and records referenced. Redaction of such information from Confidential Material and the use of psuedonyms shall be considered by the parties and the Court as an alternative to these measures.

      b. Anyone who receives confidential documents or information under this Order shall be prohibited from redisclosure of those documents and of information contained in those documents, except information of which that party has independent knowledge, but only to the extent of that independent knowledge.

      c. If Defendants represent that the documents and information are otherwise privileged by law, or that disclosure would be likely to endanger the life

4

or safety of any person providing information to the department, this Court shall review the documents and information *in camera* prior to disclosure so that redaction can be made, as necessary.

      d. All portions of the court record which contain reference to Confidential Material and confidential information that cannot be redacted to remove the names and other identifying information of the child and the child's family members referenced therein, shall be sealed and closed to anyone other than essential court personnel, the parties, counsel for the parties, and any individuals the Court determines have a legitimate interest pursuant to NMSA 1978 § 32A-4-33(B)(19).

6.    Nothing in this Confidentiality Order shall be construed to apply to release of privileged information or to release of any information protected by NMSA 1978 § 32A-4-4(A) concerning a person reporting child abuse or neglect.

7.    Nothing contained in this Confidentiality Order, and no action taken pursuant to this Confidentiality Order, shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of documents sought or subject to this Confidentiality Order.

8.    Nothing contained in this Confidentiality Order, and no action taken pursuant to this Confidentiality Order, shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of documents sought or subject to this Confidentiality Order.

9.    Nothing contained in this Confidentiality Order shall preclude the producing party of any Confidential Material from using that Confidential Material

produced by that party in any manner the producing party sees fit, or from revealing the Confidential Material to whomever the producing party chooses, without prior consent of any receiving party or of this Court.

10. This Confidentiality Order shall continue in full force as to all of the parties and persons subject to this Confidentiality Order during the pendency of this action and it shall survive any final judgment, dismissal, or final disposition by appeal, unless and until it is amended or superseded by express order of this Court.

11. Nothing herein shall restrict counsel from using any confidential document in the prosecution or defense of this action or interrogating or deposing witnesses as to the subject matter of any confidential document, provided that, upon request of the party asserting that the document is confidential, the confidential document itself is treated in accordance with this Stipulated Confidentiality Order.  If a witness refuses to agree to be bound by the terms of this Stipulated Confidentiality Order, such confidential document may not be shown to the witness but may be read to or used to examine the witness. Use of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentially of the documents or objections to production.

Further, with respect to any deposition testimony concerning any Confidential Material, such deposition testimony will be deemed confidential if so stated on the record or identified in writing after the deposition and no portion of any deposition transcript deemed confidential shall be disclosed to any person except the deponent, and those persons described in paragraph 2 of this Confidentiality Order.

12. In the event that any Confidential Material is included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition transcript or other papers filed with the Clerk of this Court, such Confidential Material may be kept under seal by the Clerk if so ordered by the Court; provided, however, that in such cases, all such papers shall be furnished to the Court and attorneys for the parties, and a duplicate copy thereof with the confidential material deleted therefrom, may be placed in the public record.

13. Nothing contained in this Confidentiality Order shall be deemed to preclude any party from seeking and obtaining, on appropriate showing, relief from this Confidentiality Order, additional protection with respect to the confidentiality of documents or other discovery material, or from providing by stipulation exceptions to this Confidentiality Order.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE